IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| LUCAS NELSON and SHANNON ROBINSON NELSON, | ) ) ) | CV 11-162-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, SAFECO INSURANCE COMPANY OF ILLINOIS, IRMA SULLIVAN, Individually and JOHN DOES A, B and C, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**INTRODUCTION**

This is an Unfair Trade Practices Act and common law, bad faith case.

1

Hartford and Safeco both move for summary judgment. Their positions are well taken on account of the statutes of limitations that apply to the Nelsons' claims.

## BACKGROUND

Lucas Nelson was involved in a multiple vehicle, motor vehicle accident on August 15, 2004. Shannon Nelson is Lucas's common law wife. She was not involved in the accident.

On the day of the accident, Lucas was a passenger in a 1995 Dodge truck being driven by his father, Harold Nelson. The Nelsons were traveling north on Highway 93 between Hamilton and Missoula. Donald Guthrie was traveling south in a Nissan Altima sedan. David Anderson was traveling on Indian Prairie Loop in a Toyota Land Crusier, which was owned by Mary Gossi.

Anderson caused the accident when he did not stop at the intersection of Highway 93 and Indian Prairie Loop. His Toyota crashed into Guthrie's vehicle. The Nelsons' vehicle then hit both Guthrie's car and Anderson's Land Cruiser.

Anderson had an insurance policy with Safeco. The policy limits were $50,000.00 per person and $100,000.00 per accident. Gossi had a policy with Hartford, which covered the vehicle driven by Anderson. The policy limits were $250,000.00 per person and $500,000.00 per accident.

In September 2004, Hartford began advancing money to Lucas Nelson to

cover expenses and losses resulting from the August wreck. On July 17, 2007, Tracey Morin, the Nelsons' attorney, started complaining that Hartford was acting in bad faith and she threatened to file a bad faith lawsuit against Hartford. Morin complained about Hartford asking for additional information and for not settling within the policy limits. On October 4, 2007, Morin gave Hartford until October 19, 2007, to settle the case or else she would file a bad faith lawsuit on the Nelsons' behalf.

On October 12, 2007, Hartford agreed to pay the rest of the policy limits. On October 24, 2007, Hartford told the Nelsons that the advance was intended to cover "any additional or future special damages that Mr. Nelson may incur, including lost wages, medical expenses, or any other expenses." (Hartford's SUF, doc. 69 at ¶ 27.) Hartford mailed its check to the plaintiffs on October 26, 2007, and they deposited it on October 30, 2007.

Even though Hartford told the Nelsons that it would not be advancing any more money, the Nelsons continued to submit medical bills, wage loss requests, and collection notices to Hartford. Hartford refused to pay any more money to the Nelsons and referred them to the October 24, 2007, letter. Morin persisted in her accusation the carrier was engaged in bad faith.

The Nelsons also complained about Safeco's conduct. Safeco insured

3

Anderson, who was driving Gossi's vehicle. The Nelsons made several demands on Safeco between August 8, 2007, and May 14, 2008, but Safeco rejected each of those demands. Safeco eventually paid the Nelsons $50,000.00. The check was for "bodily injury settlement." (Safeco's SUF, doc. 83 at ¶ 15.) The Nelsons cashed the check on July 21, 2008.

In the meantime, the Nelsons sued Gossi, Anderson and his estate, and Richard Goldman. The lawsuit was resolved in May 2009. The Nelsons filed this case on September 27, 2011. They assert 8 counts:

> Count I: "Failure to advance Pay Medical Bills and Wage Loss Where [L]iability was reasonably clear,"
>
> Count II: "Failure to Investigate, Evaluate and Attempt to Settle in a Reasonably Prompt Fashion,"
>
> Count III: "Violation of Unfair Trade Practices Act,"
>
> Count IV: "Tort[i]ous Breach of Statutory Duties,"
>
> Count V: "Negligent Infliction of Emotional Distress,"
>
> Count VI: "Intentional Infliction of Emotional Distress,"
>
> Count VII: "Constructive Fraud and Breach of Fiduciary Duties,"
>
> Count VIII[1]: "Concerted Action Violating Montana's Unfair Trade Practices Act,"and

---

[1] This Count is mislabeled as Count VII in the Nelsons' Second Amended Complaint.

4


Count IX: "Punitive Damages."

## SUMMARY CONCLUSION

Summary judgment is granted in favor of Hartford and Safeco because all of the Nelsons' claims are barred under the applicable statutes of limitations.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.; see also Russell v. Daiichi–Sankyo, Inc.,* 2012 WL 1793226 (D. Mont. May 15, 2012).

ANALYSIS

**I.     Claims against Hartford and Irma Sullivan[2]**

    **A.     The Nelsons' claims under the Montana Unfair Trade Practices Act against Hartford and Sullivan are time-barred.**

Montana's Unfair Trade Practices Act requires third-parties pursuing a claim under the Act to do so "within 1 year from the date of the settlement of or the entry of judgment in the underlying claim." Mont. Code Ann. § 33–18–242(7)(b).

The parties settled the underlying case on May 12, 2009, and the court dismissed the case with prejudice on August 25, 2009, after the parties filed a stipulation for dismissal with prejudice. At the latest, the Nelsons had until August 24, 2010, to file their Unfair Trade Practices Act claims. They did not file their complaint in this case until September 27, 2011, more than a year after their Unfair Trade Practices Act claims expired.

The Nelsons have three claims that they bring specifically under the Unfair Trade Practices Act: "violation of Unfair Trade Practices Act" (Count III), "tortuous [sic] breach of statutory duties" (Count IV), and "concerted action violating Montana's Unfair Trade Practices Act" (Count VII). Since the statute of

---

[2] Irma Sullivan was an adjuster for Hartford who adjusted the Nelsons' claims.

limitations has expired for those claims, they fail.

Two other claims, though not styled expressly as Unfair Trade Practices Act claims, may be construed as claims under the Act: "failure to advance pay medical bills and wage loss where liability was reasonably clear" (Count I) and "failure to investigate, evaluate and attempt to settle in a reasonably prompt fashion" (Count II).To the extent that the Nelsons bring those claims under the Act, they fail too.

The Nelsons apparently acknowledge that their Unfair Trade Practices Act claims fail because they do not respond to the defendants' arguments about the issue in their brief. Consequently summary judgment is granted in favor of the defendants on Counts II, IV, and VII. Furthermore summary judgment is granted on Counts I and II, to the extent that they are based on violations of Montana's Unfair Trade Practices Act.

> **B. The Nelsons' common-law bad-faith claims against Hartford and Sullivan are time-barred.**

As a legal matter the Nelsons could bring a common law bad faith claim against a third party. *Brewington v. Employers Fire Ins. Co.*, 992 P.2d 237, 240 (Mont. 1999). That claim, though, is subject to a three-year statute of limitations. *Id.* The defendants argue that the Nelsons' common law bad faith claims are barred under the statute of limitations, and their position is well taken.

Unless otherwise provided by statute, the statute of limitations begins to run from the time a cause of action accrues. Mont. Code Ann. § 27–2–102(2).

> [A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action[.]

Mont. Code Ann. § 27–1–102(1)(a). Generally, this means the statute of limitations begins to run when "the last fact essential to the cause of action" occurs, regardless of whether the damages are complete. *E.W. & D.W. v. D.C.H.*, 754 P.2d 817, 819–20 (Mont. 1988), *superseded by statute on other grounds*, *Cosgriffe v. Cosgriffe*, 864 P.2d 776 (Mont. 1993). Judgment or settlement of the underlying action is not a prerequisite to commencing an action for third-party common law bad faith. *Ayotte v. Am. Econ. Ins. Co.*, 2010 WL 768753 *7 (D. Mont. Mar. 5, 2010).

Since the Nelsons filed their complaint here on September 27, 2011, any common-law, bad-faith claims that accrued three years prior to that date (i.e., September 27, 2008) are barred. Only Counts I and II are construed as common-law, bad-faith claims; the Nelsons brought Counts III, IV, and VII under Montana's Unfair Trade Practices Act. Counts I and II allege "failure to advance pay medical bills and wage loss where liability was reasonably clear" and "failure

8

to investigate, evaluate and attempt to settle in a reasonably prompt fashion," respectively.

The defendants claim that all of the Nelsons' common-law, bad-faith claims accrued in October 2007, well before the three-year mark. Their argument is well taken. On October 19, 2007, Hartford agreed to advance Lucas Nelson the remainder of Gossi's automobile policy limits—$146,746.11. (Hartford's SUF, doc. 69 at ¶ 23.) On October 24, 2007, Hartford's counsel informed the plaintiffs that the advance was intended to cover "any additional or future special damages that Mr. Nelson may incur, including lost wages, medical expenses, or any other expenses." (*Id.* at ¶ 27.) At that point, the Nelsons should have known that Hartford would not pay them any more money. Between October 24, 2007, and September 27, 2008 (the beginning of the three-year statute of limitations period), the Nelsons continued to submit medical bills, wage loss requests, and collection notices to the Hartford. (*Id.* at 28.) Hartford refused to pay any further and continued to refer them to its October 24, 2007 letter, which discussed the purpose of the advance and explained that it was intended to cover any future expenses.

The Nelsons argue that the defendants engaged in ongoing bad faith up through the date of settlement—August 25, 2009. (Pls.' Response Br., doc. 76 at 3–4.) Ongoing denial of coverage, though, does not toll the statute of limitations.

9

The claim accrues when the insurer first denies coverage. *See e.g. Cyr v. Farmers Alliance Mut. Ins. Co.*, 2006 WL 2788972 (D. Mont. Sept. 26, 2006). As explained in *Cyr*:

> The Court rejects any suggestion that each day that [the insurer] stands by its previous denial of coverage and fails to reverse its position, a new breach of its statutory duty of good faith occurs. Absent direct legal authority, which has not been provided to or located by the Court, the Court will not adopt such a view since it would effectively eviscerate the statute of limitation in any case where an insurer remains steadfast in a denial of coverage.

*Id.* at *4. The same reasoning applies here. The fact that Hartford continued refusing to pay additional money to the plaintiffs after October 2007 does not extend the date of accrual for purpose of applying the statute of limitations.

The Nelsons also argue that their common law bad faith claims could not accrue until the underlying case was resolved entirely. They cite several cases to support their argument, but all of those cases are workers compensation cases. This Court has repeatedly held, outside the workers compensation context, that bad faith claims can accrue before a judgment or settlement. *Burton v. St. Farm Mut. Auto. Ins. Co.*, 30 M.F.R. 173, 192–94 (D. Mont. August 28, 2002), *affirmed*, 105 Fed. Appx. 154, 157 (9th Cir. June 22, 2004); *Ayotte*, 2010 WL 768753 at *7.

The Nelsons knew they had potential common law bad faith claims more than three years ago. They have admitted as much in their Amended Complaint:

10

"For over four years, both The Hartford and Safeco Insurance Company refused to pay the full measure of the Plaintiffs' harms and losses." (Amended Complaint, doc. 13 at ¶ 27.) The common law bad faith claims fail, and summary judgment is granted in favor of the defendants on these claims.

### C. The Nelsons' remaining claims against Hartford and Sullivan are time-barred.

The Nelsons' principal claims are bad faith and Unfair Trade Practices Act claims, but they also allege: negligent and intentional infliction of emotional distress (Counts V and VI) and constructive fraud and breach of fiduciary duties (Count VII). These claims are based on the same conduct underlying the bad faith and Unfair Trade Practices Act claims. All of these claims too fail on account of the statute of limitations.

The emotional distress claims are subject to a three-year statute of limitation. *See* Mont. Code Ann. § 27–2–204(1) ("The period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within three years."); *Hovland v. Gardella*, 2008 WL 5395738, at *9 (D. Mont. July 7, 2008). The emotional distress claims accrue "'when all elements of the claim or cause exist or have occurred.'" *Hovland*, 2008 WL 5395738, at *9 (quoting Mont. Code Ann. § 27–2–204(1)). This means that it is necessary to

11

determine when the conduct that inflicted the emotional distress occurred, not when the emotional distress was last suffered. *Id.* A continuing harm does not toll the statute of limitations for emotional distress claims. *Id.*

The Nelsons' fraud claim is subject to a two-year statute of limitations, Mont. Code Ann. § 27–2–203, and the breach of fiduciary duties claim is subject to a three-year statute of limitations.

Here, as described above, the Nelsons' claims accrued at the end of October 2007, more than three years before they filed their complaint. Any continuing harm that the Nelsons allege does not toll the statute of limitations. As a result, the Nelsons' claims for negligent and intentional infliction of emotional distress, constructive fraud, and breach of fiduciary duties all fail.

Since no causes of action for actual damages survive against Hartford and Sullivan, the Nelsons' punitive damages claim also fails. *See Joseph v. Wilmerding*, ___ F. Supp. 2d ___, 2012 WL 2711545, at *5 (D. Mont. 2012).

## II.     Claims against Safeco

For similar reasons, the Nelsons' claims against Safeco fail. The Nelsons make all of the same claims against Safeco that they make against Hartford and Sullivan.

Safeco insured Anderson, who was driving the vehicle owned by Mary

Gossi and insured by Hartford. Safeco settled with the Nelsons, paying them $50,000. The Nelsons cashed the $50,000 check on July 21, 2008. After issuing that check, Safeco did not participate any further in the underlying lawsuit. By July 21, 2008, then, all of the Nelsons' claims against Safeco had accrued. The Nelsons did not file their lawsuit until more than three years later, so all of their claims against Safeco are time-barred.

## CONCLUSION

Summary judgment is granted in favor of Hartford and Safeco because all of the Nelsons' claims are barred under the applicable statutes of limitations.

IT IS HEREBY ORDERED that Hartford and Sullivan's Motion for Summary Judgment (doc. 67) and Safeco's Motion for Summary Judgment (doc. 81) are GRANTED. The Clerk is directed to notify the parties of the entry of this order and to enter judgment in favor of defendants and against the plaintiffs.

Dated this 20th day of November 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

13